UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **19 Cr. 909 (KPF)** |
| Michael Barreto,<br>*Defendant.* | |

Upon the application of the United States of America, and the defendant Michael Barreto, having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include, as detailed below material that affects the privacy of individuals, and material that affects the safety of certain victims of the charged offenses.

2. **Sensitive Disclosure Material.** The Government's disclosure material may include material that (i) affects the privacy of individuals; and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Among other things, the Government's disclosure material contains personal identifying information of certain minor children, which implicates these individuals' privacy rights and could impact the ongoing investigation. Disclosure materials which contain and/or reflect identifying information produced by the Government in this action pursuant to its discovery obligations are deemed

"sensitive disclosure material," and will be labeled as such in the index produced with the discovery materials.

3. **Confidential Disclosure Material.** The Government has identified certain discovery materials pursuant to Federal Rule of Criminal Procedure 16 which contain and/or reflect images or video of the minor victims of the charged offenses, the disclosure of which would place the victims of the charged offenses in significant danger or impact the ongoing investigation, and which cannot feasibly be redacted. Any such materials will be labeled as "confidential" and/or "attorney's eyes only" in the index and discovery materials.

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the sensitive and confidential disclosure material. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

6. **Sensitive disclosure material** shall not be disclosed by defense counsel, including any successor counsel ("Defense Counsel") other than as set forth herein, and shall be used solely for purposes of defending this action:

    a. Defense Counsel shall not post any sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any sensitive disclosure material to the media or any third party except as set forth below.

    b. Sensitive disclosure material may be disclosed by Defense Counsel to the defendant for review in the presence of Defense Counsel for purposes related to this case. **The**

**defendant shall not maintain, retain, or keep copies of any records containing sensitive disclosure material outside of the presence of Defense Counsel**.

    c.    Sensitive disclosure material may be disclosed by Defense Counsel to the following persons (hereinafter "Designated Persons"):

    (i)    investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

    (ii)    independent expert witnesses, investigators or advisors retained by the defendant's attorney in connection with this action;

    (iii)    prospective witnesses and their counsel, to the extent deemed necessary by Defense Counsel for the purposes of this criminal proceeding, except that Sensitive disclosure material shall not be electronically transmitted to such prospective witnesses or their counsel and shall not be possessed by such prospective witnesses or their counsel except in the presence of Defense Counsel; and

    (iv)    such other persons as hereafter may be authorized by the Court upon such motion by the defendant.

    d.    The defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose sensitive disclosure material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

    e.    The Government may authorize, in writing, disclosure of sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7.    **Confidential disclosure material** shall not be disclosed by Defense Counsel other than as set forth herein, and shall be used solely for purposes of defending this action:

a. Defense Counsel shall not share Confidential Information or the contents of the Confidential Information with any other persons, including the defendant, except for any paralegal or staff employed by Defense Counsel in connection with work related to the defense of the defendant.

b. At any time, Defense Counsel may seek leave from the Government to share materials designated as Confidential Information with the defendant ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendant; (ii) provide Defense Counsel with a redacted version of the Requested Material that may be shared with the defendant; or (iii) provide Defense Counsel with an explanation as to why the Requested Material cannot be shared with the defendant at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige Defense Counsel requests to share Requested Material.

8. Except for sensitive and confidential disclosure material that has been made part of the record of this case, Defense Counsel shall return to the Government or securely destroy or delete all sensitive and confidential disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. This Order does not prevent the disclosure of any sensitive or confidential disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive or confidential disclosure material pertinent to any

motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

SO ORDERED:

Dated: New York, New York
January 6, 2020

_____
THE HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE